**BRAZOSPORT SAVINGS & LOAN ASSOCIATION et al., Appellants,**

v.

**Jimmy PHILLIPS et al., Appellees.**

No. 10943.

Court of Civil Appeals of Texas.

Austin.

Jan. 3, 1962.

Rehearing Denied Jan. 24, 1962.

R. W. Lindsey, Rosenberg, Peareson, Scherer & Roberts, Richmond, McKay & Avery, Charlie D. Dye, Austin, for appellants.

Will Wilson, Atty. Gen., Fred Werkenthin, Asst. Atty. Gen., Clark, Thomas, Harris, Denius & Winters, Mary Joe Carroll, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment of the District Court of Travis County, Texas, denying appellants any relief on their petition for a judgment (1) declaring the action of the Banking Commissioner in granting a charter and certificate of authority to American Savings and Loan Association to be void, (2) permanently enjoining the individual defendants from doing business under such authority and the Commissioner from permitting them to engage in a savings and loan business, and (3) in the alternative, for a declaratory judgment declaring the action of the Commissioner to be void.

The subject matter of this litigation has been before this Court at a prior date, in Brazosport Savings and Loan Association v. Phillips, Tex.Civ.App., 326 S.W.2d 567. The Supreme Court granted a writ of error and reversed the judgment of this Court and its opinion is found in Brazosport Sav. & Loan Ass'n v. American Sav. & Loan Ass'n, Tex., 342 S.W.2d 747. The Court there held:

"In accordance with prior decisions of this and other courts with which we agree, we believe that petitioners possess a valuable and vested property right in their franchises. Petitioners' allegations of fact that this right has been infringed upon by the action of the Commissioner must be taken as true in view of the procedural status of the case. Therefore, we hold that petitioners are entitled to an opportunity to prove their allegations that the Commissioner's action was illegal or without support in substantial evidence, and to appropriate relief if this be proved. Such an opportunity is afforded to petitioners by the due process clauses of the Constitution of this state and of the United States. Vernon's Ann.St. Const. Art. I, § 19; U.S.C.A.Const. Amend. 14."

The case was tried and the judgment hereinabove was rendered and the case is before this Court on appeal.

The appeal is founded on 13 points assigned as error in the trial of the case and are that the Court erred in upholding the validity of the charter and certificate of American, because the Commissioner acted in violation of the rules and applicable law by relying on ex parte evidence and such conduct was arbitrary, capricious, unreasonable and unlawful; that the action of the Commissioner was based on secret and ex parte evidence; that the application and articles of American filed with the Commissioner were not properly verified and were contrary to the provisions of Art. 881a–29, Vernon's Ann.Civ.St. Sec. 2.1 of the Rules and the Commissioner's jurisdiction was never properly invoked; that the application on behalf of American failed to comply with the rules of the Building and Loan Section of the Finance Commission of Texas and the Banking Commissioner because the same were not accompanied by the required statements, exhibits, maps and other data, properly verified in sufficient detail to enable the Commissioner to pass on the proposed charter; that the manner in which the Commissioner accepted and filed the application and substitute application of American and granted the same constituted arbitrary action and a denial to appellants of due process; because the Commissioner did not give proper consideration to the competitive and damaging effect upon existing associations; that the granting of the application was in violation of Section 2.4 of the departmental rules requiring the Commissioner to file a written memorandum of his reasons for granting the charter; in construing Article 881a–1 et seq. and the rules as authorizing the Commissioner to grant the charter because appellants were not afforded due process; that the Commissioner acted upon insufficient evidence or competent evidence in granting the charter; in upholding the action of the Commissioner in considering evidence heard in other proceedings and in considering evidence by witness Crews in testifying from D. Ex. 2 captioned "A Survey Report Prepared for Federal Home Loan Bank, etc."

because such constituted hearsay testimony; and finally, in admitting in evidence P. Ex. 27, a Field Investigation Report, such being hearsay.

The first five points are grouped together and briefed as such.

■ The prime question or questions to be determined under the Supreme Court's judgment is whether the Commissioner's action in granting the charter was illegal or without support in substantial evidence. If the action was illegal we need go no further, and we shall determine this question first. The burden was on appellants to prove that the Commissioner's action was illegal or that the Commissioner did not acquire jurisdiction to hear the application.

■ Rules and Regulations for Building and Loan Associations had been promulgated by the Building and Loan Section of the Finance Commission of Texas and the Banking Commissioner of Texas and were in effect, one of which reads as follows:

"Chapter 2. New Charter Applications

"2.1 When articles of incorporation of a new association are presented to the Banking Commissioner for his approval, such articles shall be accompanied by the proposed By-Laws of the association and statements, exhibits, maps and other data, properly verified, which shall be sufficiently detailed and comprehensive to enable the Commissioner to pass upon the proposed charter as to (1) the character, responsibility and general fitness of the persons named in the articles; (2) whether the public convenience and advantage will be promoted by allowing such proposed association to be incorporated and engage in business, taking into consideration (a) that insurance of the accounts of the proposed association has been applied for and that such insurance will probably not be refused by the Federal Savings and Loan Insurance Corpora-

tion, (b) that such proposed association will have and maintain independent quarters with a ground-floor location or its equivalent, (c) that such proposed association will have qualified, full-time management, and (d) the adequacy of the initial capital and surplus of the proposed association; and (3) whether the population of the neighborhood of such place and in the surrounding country affords a reasonable promise of adequate support for the proposed association."

On September 26, 1958 the individual defendants filed with the Commissioner certain Articles of Association and Application for Charter for American Savings and Loan Association—Lake Jackson, Texas, which was received by the Commissioner and held by him without fixing a hearing thereon within ten days, as required by Rule 2.1. Thereafter the said defendants superseded and amended their Articles and Application by instruments dated October 27, 1958, and filed these instruments with the Commissioner on or about October 31, 1958.

This amended application was not accompanied with supporting data as provided by the rule, and it is from approval of this application that the appeal is taken.

The hearing was had on December 15, 1958 and was attended by appellants as adversaries and protested.

As is presented in appellants' first point of error, appellants contend that the charter and certificate of American was granted in an adversary proceeding upon the strength of secret and ex parte evidence, in violation of departmental rules and applicable law, and was arbitrary, capricious, unreasonable and unlawful; by further assignment appellants say that the said application and articles of American filed were not properly verified and the jurisdiction of the Commissioner was never properly invoked and further that the application and articles were not accompanied by the required state-

ments, exhibits, maps and other data properly verified, sufficiently detailed and comprehensive to enable the Commissioner to pass upon the proposed charter.

The amended application for a charter was not accompanied with nor was there filed with it such supporting data, verified or otherwise as required by the rule, consequently protestants were deprived of reasonable opportunity to know of the claims, allegations and proposed proof of applicants until the public hearing began, and were denied a fair and reasonable opportunity to prepare to meet the claims of applicants.

The application and articles filed with the Commissioner contained a jurat affixed thereto, executed by Elizabeth B. Bice, a notary public for Brazoria County, Texas, who is shown to be one of the incorporators of the association and a stockholder and as such is interested in the charter and the certificate sought.

In response to request for admissions the Commissioner admitted:

"(14) Admits that at the time the application and articles dated October 27, 1958, were presented to me on October 31, 1958, same were not accompanied by any statements, exhibits, maps and other data, properly verified.

"(15) Admits that at the time the application and articles dated October 27, 1958, were presented to me on October 31, 1958, same were not accompanied by any data sufficiently detailed and comprehensive to enable me, as Commissioner, to pass upon the proposed charter as to the matters set forth in item (1), Item (2), (2) (a), (2) (b), (2) (c) and (2) (d), and Item (3) of Section 2.1 of the Rules and Regulations appearing as Exhibit A attached to the request for Admissions, except that data and information pertaining to the matters set forth in Section 2.1 of the Rules and Regulations are included in the Application and Articles of Association."

It was admitted by the Commissioner that:

"(16) Admits that one of the primary purposes of the Rules and Regulations of January 29, 1958, is to afford a public hearing at which all evidence for and against an application for a savings and loan application will be presented.

"(22) Admits that prior to my action in granting approval of application and articles for American Savings & Loan Association the Proponents thereof did not at any time submit to me any verified (by acknowledgment or affidavit) statements, exhibits, maps and other data pertaining to Elements (1), (2) and (3) prescribed in Rule 2.1."

In the opinion of the Supreme Court, Brazosport Sav. & Loan Ass'n v. American Sav. & Loan Ass'n, Tex., 342 S.W.2d 747, the Court held:

"The rules and regulations for building and loan associations, as set forth in Article 881a–2, V.A.S.C., require that applications and articles be accompanied by certain data, properly verified and sufficiently detailed and comprehensive, to enable the Commissioner to pass upon a proposed charter. By the same article the Commissioner is charged with the duty of determining the character and fitness of the incorporators, and ascertaining 'whether the public convenience and advantage will be promoted by allowing such proposed building and loan association to be incorporated and engaged in business, and whether the population in the neighborhood of such place and in the surrounding country affords a reasonable promise of adequate support for the proposed building and loan association.'"

Basing our opinion on the record as a whole and the judgment of the Supreme Court, we are of the opinion that the action of the Commissioner in holding the

hearing under the circumstances and in granting the charter and certificate to American was illegal.

The judgment of the Trial Court is reversed and judgment is here rendered cancelling the charter and certificate of authority issued to American Savings and Loan Association, and enjoining the transaction of business thereunder.

Reversed and rendered.

RICHARDS, J., not sitting.